CAMPBELL & WILLIAMS
J. COLBY WILLIAMS, ESQ. (5549)
jcw@cwlawlv.com
SAMUEL R. MIRKOVICH, ESQ (11662)
srm@cwlawlv.com
710 South Seventh Street
Las Vegas, Nevada 89101
Telephone: (702) 382-5222
Facsimile: (702) 382-0540

*Attorneys for Defendant*
*Scott Sibella*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT J. CIPRIANI, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>RESORTS WORLD LAS VEGAS, LLC, a Delaware limited liability company, RESORTS WORLD LAS VEGAS HOTELS, LLC, a Delaware limited liability company, SCOTT SIBELLA, an individual, and DOES 1-10,<br><br>Defendants. | Case No.: 2:23-cv-01626-JAD-VCF<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT SCOTT SIBELLA'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)** |

PLEASE TAKE NOTICE that, in connection with his Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant Scott Sibella respectfully requests, pursuant to Federal Rule of Evidence 201, that the Court take judicial notice of the following public records and/or otherwise deem them incorporated into Plaintiff's Complaint.

1.  **Exhibit A**: A true and correct copy of the Register of Actions in the criminal case styled *State of Nevada v. Cipriani*, Case No. 21-CR-052831, filed in Las Vegas Justice Court on or about November 19, 2021. This document is publicly available and accessible at: https://lvjcpa.clarkcountynv.gov/Anonymous/CaseDetail.aspx?CaseID=13656545.

1

2.      **Exhibit B**: A true and correct copy of the Register of Actions in the criminal case styled *State of Nevada v. Cipriani*, Case No. 21-CR-057146, filed in Las Vegas Justice Court on or about December 21, 2021. This document is publicly available and accessible at: https://lvjcpa.clarkcountynv.gov/Anonymous/CaseDetail.aspx?CaseID=13681240.

## I. LEGAL STANDARD

"Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). "There are two exceptions to this rule: the incorporation-by-reference doctrine, and judicial notice under Federal Rule of Evidence 201." *Id.* We address each in turn, starting with judicial notice.

Federal Rule of Evidence 201 permits a court to take judicial notice of an adjudicative fact that is "not subject to reasonable dispute because it: (1) is generally known . . . or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The Court "must take judicial notice if a party requests it and the court is supplied with the necessary information." *Id*. 201(c)(2). The Court may consider such documents "at any stage of the proceeding," *id*. 201(d), "even if they are not referenced in the pleading, so long as they meet the requirements for judicial notice set forth in Federal Rule of Evidence 201." *Cement Masons & Plasterers Joint Pension Tr. v. Equinix, Inc*., No. 11-01016 SC, 2012 WL 685344, at *8 n.5 (N.D. Cal. Mar. 2, 2012). A court may take judicial notice of "matters of public record" without converting a motion to dismiss into a motion for summary judgment. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986).

"[I]ncorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself. The doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja*, 899 F.3d at 1002 (citation omitted). "[A]

2

defendant may seek to incorporate a document into the complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Id.* (quotation omitted). A court "may assume [an incorporated document's] contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (quotation omitted).

## II. ARGUMENT

**A.   The Docket Sheets from Cipriani's Criminal Actions May Be Judicially Noticed.**

The Court should take judicial notice of Exhibits A and B pursuant to FRE 201 because they are matters of public record not subject to reasonable dispute. Fed. R. Evid. 201; *see also Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001) (holding that courts may judicially notice "matters of public record"); *Miyayama v. Burke*, 2:20-cv-01683-DJA, 2021 WL 5370244, at *5 (D. Nev. Dec. 29, 2021) (same). Exhibits A and B are the Registers of Actions, essentially docket sheets, from two different criminal proceedings in which Robert J. Cipriani ("Cipriani") was a defendant. The documents are publicly available and publicly accessible on the website maintained by the Clark County, Nevada court system. The main website address is found at https://www.clarkcountycourts.us/Anonymous/default.aspx, and the case specific web addresses are set forth above and in the declaration of J. Colby Williams ("Williams Decl.").

The Ninth Circuit has long held that judicial notice may be taken of a court's records in other cases, or the records of an inferior court in other cases. *See, e.g., United States v. Wilson*, 631 F.2d 118, 119-20 (9th Cir. 1980); *Trigueros v. Adams,* 658 F.3d 983, 987 (9th Cir. 2011) (federal courts may take judicial notice of state court records). Soo, too, has this Court. *See, e.g., Pal v. Hafter*, No. 22-cv-01257-JAD-DJA, 2020 WL 7409589, at *1 n.9 (D. Nev. Dec. 17, 2020) ("Court records—including the filings, pleadings, and orders both parties attach here—are subject to judicial notice."); *Griffin v. Rushing*, No. 2:12-cv-00132-GMN, 2012 WL 3230848, at *1 n.1 (D. Nev. Aug. 2, 2017) ("The court may take judicial notice of court records."). Docket sheets,

3

like the Registers of Actions here, are examples of court records properly subject to judicial notice. *See, e.g.*, *White v. Martel*, 601 F.3d 882, 885 (9th Cir. 2010) (court docket sheets are appropriate for judicial notice); *Stimac v. Wieking*, 785 F. Supp. 2d 847, 850 (N.D. Cal. 2011) (same); *Klein v. Dwyer*, No. CV 19-8062 DSF (AS), 2019 WL 8195552, at *1 n.3 (C.D. Cal. Nov. 6, 2019) (same); *Nemeth v. Clark Cty. Pub. Def. Off.*, No. 22-cv-00987-APG-NJK, 2022 WL 3219651, at *1 (D. Nev. July 19, 2022) (taking judicial notice of "docket from state court proceeding").

The Court may also take judicial notice of Exhibits A and B on grounds they contradict allegations made in the Complaint regarding the subject criminal charges against Cipriani being "inevitably dropped." *See, e.g.,* Compl. ¶¶ 52, 81, 95; *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (noting that the Court is "'not required to accept as true [Plaintiff's] conclusory allegations which are contradicted by documents referred to in the complaint'" or "that contradict matters properly subject to judicial notice") (citation omitted).

**B.   Records Regarding Cipriani's Criminal Actions Are Incorporated Into His Complaint.**

The disjunctive criteria for applying the incorporation-by-reference doctrine are easily satisfied here as records from Cipriani's criminal cases (i) are referred to throughout the Complaint, and (ii) indisputably form the basis for Cipriani's claims.

Cipriani extensively details the events related to his arrest and criminal charges for his theft of Robert Alexander's cellular phone as well as his arrest and criminal charges for the fraudulent acts he committed playing blackjack at Resorts World. *See, e.g.*, Compl. ¶¶ 50-56 (Alexander related charges); ¶¶ 86-106 (gambling fraud charges). Cipriani specifically and repeatedly premises his alleged damages on his "unjustified arrest, the subsequent detention and incarceration and the following imposition of severe criminal charges." *Id.* ¶¶ 79, 84, 114, 122, 132. Emphasizing the importance of these issues to his claims, Cipriani also attached portions of the criminal records related to his gambling fraud charges as Exhibit 5 to the Complaint. For these

4

reasons, the Court should deem Exhibits A and B incorporated into Cipriani's complaint. *See Khoja*, 899 F.3d at 1005 (district court did not abuse discretion by incorporating Forbes article where complaint contained "more than passing reference" to it, and the article formed the basis of plaintiff's first cause of action).

### III. CONCLUSION

Based on the foregoing, Scott Sibella respectfully requests that the Court take judicial notice of and otherwise incorporate Exhibits A-B as detailed herein.

DATED this 15th day of November, 2023.

          CAMPBELL & WILLIAMS

          By /s/ *J. Colby Williams*
             J. COLBY WILLIAMS, ESQ. (5549)
             SAMUEL R. MIRKOVICH, ESQ. (11662)
             710 South Seventh Street
             Las Vegas, Nevada 89101

          *Attorneys for Defendant*
          *Scott Sibella*

5

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that service of **Request for Judicial Notice in Support of Defendant Scott Sibella's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)** was served on the 15th day of November, 2023 via the Court's CM/ECF electronic filing system addressed to all parties on the e-service list.

                                           /s/ *J. Colby Williams*
                                           An employee of Campbell & Williams

# INDEX

| Exhibit # | Description | Bates Designation |
|---|---|---|
| N/A | Declaration of J. Colby Williams | - |
| A | Register of Actions for State of Nevada v. Cipriani (Case No. 21-CR-052831) | 1-4 |
| B | Register of Actions for State of Nevada v. Cipriani (Case No. 21-CR-057146) | 5-8 |