TAMARA BEATTY PETERSON, ESQ., Bar No. 5218
tpeterson@petersonbaker.com
NIKKI L. BAKER, ESQ., Bar No. 6562
nbaker@petersonbaker.com
DAVID E. ASTUR, ESQ., Bar No. 15008
dastur@petersonbaker.com
PETERSON BAKER, PLLC
701 S. 7th Street
Las Vegas, NV 89101
Telephone: 702.786.1001
Facsimile: 702.786.1002

*Attorneys for Defendants Resorts World Las Vegas, LLC
and Resorts World Las Vegas Hotels, LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ROBERT J. CIPRIANI, an individual,<br><br>Plaintiff,<br><br>v.<br><br>RESORTS WORLD LAS VEGAS, LLC, a Delaware limited liability company, RESORTS WORLD LAS VEGAS HOTELS, LLC, a Delaware limited liability company, SCOTT SIBELLA an individual, and DOES 1-10,<br><br>Defendants. | Case No.: 2:23-cv-01626-MMD-MDC<br><br>**REPLY IN SUPPORT OF DEFENDANTS RESORTS WORLD LAS VEGAS, LLC AND RESORTS WORLD LAS VEGAS HOTELS, LLC'S MOTION TO STAY DISCOVERY PENDING DECISION ON MOTION TO DISMISS [ECF NO. 14]** |

Defendants Resorts World Las Vegas, LLC and Resorts World Las Vegas Hotels, LLC (collectively, "Resorts World"), by and through their attorneys of record, Tamara Beatty Peterson, Esq. and Nikki L. Baker, Esq., of the law firm of Peterson Baker, PLLC, respectfully submit their reply in support of "Defendants Resorts World Las Vegas, LLC and Resorts World Las Vegas Hotels, LLC's Motion to Stay Discovery Pending Decision on Motion to Dismiss [ECF No. 14]" [ECF No. 35] filed on January 18, 2024 ("Stay Motion").[1]

---

[1] This Reply utilizes the naming conventions set forth in the Stay Motion, unless otherwise noted.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   DISCUSSION**

Plaintiff's Response[2] to Resorts World's Stay Motion is more remarkable for what it does not say than for what it does say. Plaintiff does not mention, much less provide an analysis on, the three-part majority approach (*see* Stay Motion [ECF No. 35] at 7:4-12) or the two-part minority approach (*id*. at 7:13-25) the Court should employ when deciding whether to grant a stay. In fact, the words "preliminary peek" are conspicuously absent from Plaintiff's Response. While Plaintiff has made outlandish allegations in this action, he does not claim he would be prejudiced by the Court staying discovery for a brief interval pending its decision on RW's Dismissal Motion. Plaintiff does not deny that the parties would be unable to conduct discovery on Mr. Alexander until, likely, after May due to Mr. Alexander's health issues. Plaintiff also refuses to explain how discovery, if allowed, would bear on the narrow jurisdictional, immunity, and insufficient pleading issues that were raised in RW's Dismissal Motion. Plaintiff's silence on any or all of these issues should be construed as admissions that good cause exists to grant the Stay Motion.

Beneath his rhetoric, Plaintiff's position is simply that the artistry of his broad-stroke pleading, and not the actual allegations in the pleading or circumstances of the controversy, are enough to require Resorts World and Mr. Sibella to engage in lengthy and costly discovery while their respective dismissal motions are pending. His Response [ECF No. 38] evinces little more than the hope that, should discovery move forward, something helpful might emerge to support amending his Complaint to add a claim or add allegations to support any claim against Resorts World. The Federal Rules of Civil Procedure do not, however, "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Webb v. Trader Joe's Co.,* 999 F.3d 1196, 1204 (9th Cir. 2021) ("We cannot condone the use of discovery to engage in 'fishing expedition[s]' where, like here, it is obvious that Webb has

---

[2] The term "Response" means and refers to "Plaintiff's Opposition to Defendants' Motion to Stay Discovery Pending Resolution of Motions to Dismiss [ECF 35]" [ECF No. 38] filed on February 1, 2024.

no basis other than gross speculation to claim that Trader Joe's is misrepresenting the data provided by its testing protocol.") (citation omitted). A stay of discovery is warranted.

### A. RW's Dismissal Motion Raises the Issue of Whether the Court has Diversity Jurisdiction Over Plaintiff's Claims.

RW's Dismissal Motion pointed out that, as a preliminary matter, "[t]he Court can, and should, require Plaintiff to offer something more than conclusory allegations to establish that the amount in controversy is sufficient to establish diversity jurisdiction." (*See* ECF No. 14 at 10, n.15.) Plaintiff has now had two opportunities to offer more than conclusory allegations to establish the amount in controversy. Yet, Plaintiff refuses to offer any arguments, much less evidence, to establish the amount in controversy in this action exceeds the $75,000 jurisdictional requirement for diversity jurisdiction. Plaintiff stubbornly falls back on his misplaced belief that "[n]othing more was required for Plaintiff to sufficiently plead the amount in controversy requirement for subject matter jurisdiction." (*See* Response [ECF No. 38] at 7:3-5.) If the Court had any lingering suspicion that it lacked subject matter jurisdiction over this action after reading Plaintiff's response to RW's Dismissal Motion, Plaintiff's vacuous Response should erase any doubt.

Resorts World's Stay Motion established that one situation "that in and of itself would warrant a stay of discovery" arises "when jurisdiction, venue, or immunity are preliminary issues." *Twin City Fire Ins. Co. v. Emps. Ins. Of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989). Plaintiff offered nothing to the contrary. The Court should stay discovery until it determines whether it has subject matter jurisdiction over Plaintiff's Complaint. *See Grand Canyon Skywalk Dev. LLC v. Steele,* No. 2:13-cv-00596-JAD-GWF, 2014 WL 60216, at *4 (D. Nev. Jan. 7, 2014) (stating the Court has "an interest in not providing a forum and being required to supervise discovery in a dispute over which it lacks subject matter jurisdiction.").

### B. RW's Dismissal Motion Raises the Issue of Immunity Under NRS 463.3407(1).

Likewise, RW's Dismissal Motion raised the dispositive issue of immunity under NRS 463.3407(1) (*see* ECF No. 14 at 12:9—13:26), which is another situation that "in and of itself would warrant a stay of discovery." *See Twin City*, 124 F.R.D. at 653 (stating that "[c]ommon examples" of "situations that in and of itself would warrant a stay of discovery arise" occur "when jurisdiction,

3

venue, or immunity are preliminary issues."). In his Response [ECF No. 38], Plaintiff does not deny that immunity was raised in RW's Dismissal Motion or that the issue of immunity would warrant a stay of discovery.

Faced with the prospect of his claims being barred, Plaintiff claims that "[t]he principal thrust or gravamen of each of Plaintiff's causes of action" is something other than Resorts World's communications with NGCB. (*See* Response [ECF No. 38] at 8:7-10.) Through Plaintiff's equivocating statement, Plaintiff admits that, while Resorts World's communications with the NGCB are not the "principal" or "material or significant part" of his claims for relief, the communications are still a part of his claims for relief.[3]

However, to accept as true Plaintiff's statement that "the Complaint contains only a few allegations" relating to Resorts World's communications with NGCB (*see* Response [ECF No. 38] at 10:6-9), the Court would have to adopt Plaintiff's "that which is ignored does not exist" approach to resolving the Stay Motion. The Court would have to ignore at least twenty-one paragraphs in Plaintiff's Complaint devoted to addressing Resorts World's communications with NGCB. (*See* Compl. [ECF No. 1] at ¶¶ 86-106.) Then, the Court would have to overlook the "the Nevada Gaming Control Board report, voluntary witness statements, and the ultimate criminal complaint" Plaintiff attached as Exhibit 5 to the Complaint as support for his (bolded and underlined) heading "Sibella and RWLV Actively Conspired to Silence Mr. Cipriani." (*Id*.) The Court would also have to turn a blind eye to Plaintiff's allegations that Resorts World and Mr. Sibella "caused Mr. Cipriani substantial damages stemming from weeks of threats and intimidation on RWLV's premises, an unjustified arrest, the baseless imposition of criminal charges, reputational and professional harm, as well as the inability to pursue his chosen profession at one of Las Vegas's largest casinos." (*Id*. at ¶¶ 114, 122, & 132.) The Court would then be forced to shrug off the fact that these allegations are incorporated through, among other paragraphs, paragraphs 107, 116, 124, 133, 144 & 153 of

---

[3] *See* Gravamen Definition & Meaning - Merriam-Webster (last visited Feb. 7, 2024) (defining the word "gravamen" to mean "the material or significant part of a grievance or complaint.").

4

Plaintiff's Complaint [ECF No. 1], into each and all of Plaintiff's claims for relief. Nothing in Plaintiff's Response justifies the Court departing from the law and common sense.

In sum, Plaintiff's evasive tactics and representations (or, more aptly, misrepresentations) in his Response do not, because they cannot, amend his Complaint. *See BlueEarth Biofuels, LLC v. Hawaiian Elec. Co.*, 780 F. Supp. 2d 1061, 1075 n.10 (D. Haw. 2011) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.") (citation and internal quotations omitted). It is beyond cavil that Resorts World's alleged communications with the NGCB or NGC give rise to, and are incorporated through, among other paragraphs, paragraphs 107, 116, 124, 133, 144 & 153 of Plaintiff's Complaint [ECF No. 1], into each and all of Plaintiff's claims for relief. It is likewise undisputed that any and all communications Resorts World had with the NGCB or NGC are absolutely privileged. Until the Court decides whether the absolute privilege set forth in NRS 463.3407(1) bars Plaintiff's claims, discovery should be stayed. *See Little v. City of Seattle,* 863 F.2d 681, 685 (9th Cir. 1988) (holding that trial court "did not abuse its discretion by staying discovery until the immunity issue was decided" because the stay furthered "the goal of efficiency for the court and litigants").

**C.  RW's Dismissal Motion Seeks the Dismissal of Plaintiff's Remaining Claims for IIED, Civil Conspiracy, and Concert of Action.**

Resorts World's Stay Motion also demonstrated that Plaintiff did not, and is unable to, state claims for IIED, civil conspiracy, and concert of action against Resorts World. (*See* Stay Motion [ECF No. 35] at 11:10—13:28.) In response, Plaintiff again resorts to rewriting or misstating the allegations in his Complaint.

For his IIED claim, Plaintiff was required to plausibly allege he actually suffered extreme or severe emotional distress as a result of Resorts World's acts or omissions. *See Miller v. Jones*, 114 Nev. 1291, 1299-1300, 970 P.2d 571, 577 (1998) (stating that plaintiff must show, among other elements of an IIED claim, "that the plaintiff actually suffered extreme or severe emotional distress"). But, he failed to do so. He alleges that **Mr. Alexander** "made Mr. Cipriani extremely uncomfortable and even fearful for his safety while he was a guest at RWLV and the Crockfords Resort" (s*ee* Compl. [ECF No. 1] at ¶ 39), without a glimmer of details as to the tortious acts Resorts

PETERSON BAKER, PLLC
701 S. 7th Street
Las Vegas, NV 89101
702.786.1001

World allegedly engaged in that resulted in Plaintiff actually suffering extreme or severe emotional distress. While Fed. R. Civ. P. 8(a)(2) imposes minimal requirements on the pleader, minimal requirements are not the same as no requirements at all. Without more, Plaintiff has not alleged a plausible IIED claim. *See e.g.*, *Freire v. Lombardo*, No. 2:22-cv-00159-APG-EJY, 2022 WL 21758593, at *1 (D. Nev. Apr. 4, 2022), *report and recommendation adopted,* No. 2:22-cv-00159-CDS-EJY, 2022 WL 21758592 (D. Nev. Apr. 22, 2022) ("A complaint having the factual elements of a cause of action scattered throughout the complaint and not organized into a 'short and plain statement of the claim' may be dismissed for failure to satisfy Rule 8(a).").

To get around Nevada's intracorporate conspiracy doctrine for his civil conspiracy claim, Plaintiff tells the Court that "Sibella conspired with RWLV to use Alexander as a tool to force Plaintiff out of the casino." (*See* Response [ECF No. 38] at 3:21-22.) This allegation, however, is ***not*** in Plaintiff's Complaint. Nor is there any allegation in Plaintiff's Complaint or in his Response that Resorts World conspired with Mr. Alexander. Plaintiff's shortcomings are all the more glaring because Plaintiff has seemingly had the opportunity to conduct limited discovery in the action filed by Mr. Alexander against Plaintiff. Despite this opportunity, Plaintiff has given the Court no factual basis—not even a skeletal one—on which he can plausibly allege that any conspiracy existed between Mr. Sibella or Resorts World and Mr. Alexander.

Plaintiff's Complaint, read charitably, alleges that Mr. Alexander harassed Plaintiff, Mr. Sibella, the then President of Resorts World, was aware of the harassment, and Mr. Sibella and/or Resorts World did nothing to prevent the harassment from occurring. Even if it were true that Resorts World and/or Mr. Sibella were aware that harassment may occur and did nothing to preemptively stop it, that would not be enough to plausibly allege that Resorts World conspired with Mr. Sibella and Mr. Alexander with the intent "to accomplish some unlawful objective for the purpose of harming another which results in damage." *Flowers v. Carville*, 266 F. Supp. 2d 1245, 1249 (D. Nev. 2003) (internal quotation marks and citation omitted); *see also McClure v. Owens Corning Fiberglas Corp.,* 188 Ill. 2d 102, 134, 720 N.E.2d 242, 258 (1999) ("Mere knowledge of the fraudulent or illegal actions of another is also not enough to show a conspiracy.").

RW's Dismissal Motion also established that Plaintiff's concert of action claim fails for the same reasons his civil conspiracy claim fails. (*See* ECF No. 14 at 18:6—19:9.) According to Plaintiff, the "inherently dangerous" activity that forms the basis of this claim was the alleged "weeks-long harassment, assaults and threats by Alexander…." (*See* ECF No. 23 at 14:25-26.) Resorts World's alleged role in this "inherently dangerous" activity was either allegedly doing nothing to protect Plaintiff from Mr. Alexander or encouraging Mr. Alexander's behavior. (*Id*. at 15:18-24.) Without more, much more, Plaintiff has failed to plausibly allege a proper concert of action claim against Resorts World. *See GES, Inc. v. Corbitt*, 117 Nev. 265, 271, 21 P.3d 11, 15 (2001) (holding that to establish a concert of action claim, a plaintiff must prove that "the defendants agree to engage in an inherently dangerous activity, with a known risk of harm, that could lead to the commission of a tort.").

### D. **RW's Dismissal Motion Can be Decided Without Discovery.**

Plaintiff's next theory is puzzling. Plaintiff vaguely claims he "will benefit from discovery" (*see* Response [ECF No. 38] at 14:25), but does not explain how he "will benefit from discovery." In other words, Plaintiff currently does not have a reasonable basis to sue Resorts World, but he is hoping to discover that Resorts World did something wrong during the discovery phase of this case so he can amend his claims accordingly.

The issue squarely before the Court is not, however, whether Plaintiff *may* discover facts that may support an amendment to his pleading, as there is no motion for leave to amend Plaintiff's Complaint pending before the Court. The salient issue is whether RW's Dismissal Motion [ECF No. 14], which concerns the allegations found in, and omitted from, Plaintiff's Complaint, can be decided without discovery. *See Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013) (stating that "[m]otions to stay discovery may be granted when: . . . (2) the potentially dispositive motion can be decided without additional discovery. . . ."). Nowhere in Plaintiff's Response does he claim that additional discovery is needed to decide RW's Dismissal Motion.

As Plaintiff tells it, he "needs documents concerning his claims that are solely within Defendants' possession (such as internal communication about Plaintiff's complaint to RLWV's personnel about Alexander's abuse; communications between RWLV/Sibell [sic] and Alexander

7

about Plaintiff, etc.)."[4] (*See* Response [ECF No. 38] at 14:25—15:2.)  He states that he is "confident that these documents will provide ***further*** evidence of Defendants using Alexander as a weapon to silence Plaintiff." (*Id.* at 15:1-3.) (emphasis in original). Predictably, Plaintiff does not reveal what, if any, evidence he has now to show "Defendants using Alexander as a weapon to silence Plaintiff."

But, even if such evidence exists, such evidence would be superfluous to deciding RW's Dismissal Motion.  The allegations in Plaintiff's Complaint that Resorts World, among other things, were aware of and "authorized Alexander's glaring campaign of harassment and intimidation to proceed" (*see e.g.*, Compl. [ECF No. 1] at ¶ 55), while meritless, were taken as true for purposes of RW's Dismissal Motion.  Plaintiff failed to preview what additional facts might be discovered if Plaintiff were allowed to conduct discovery while RW's Dismissal Motion is pending.  The Court should decline to consider any issues Plaintiff merely "gestures" to.  *See e.g., Republic of Arg. v. NML Capital, Ltd.,* 134 S. Ct. 2250, 2255 n.2 (2014) (declining to consider an assertion which is "not develop[ed], and for which [petitioners] cite no authority," and holding that the court "will not revive forfeited argument simply because the petitioner gestures toward it in its reply brief.").

Plaintiff does not explain how such evidence would defeat RW's Dismissal Motion by repairing the gaping holes in Plaintiff's Complaint.  For instance, even if evidence exists that Defendants were "using Alexander as a weapon to silence Plaintiff," Plaintiff does not explain if, and how, any such evidence would establish subject matter jurisdiction in this Court, erase the immunity granted by NRS 463.3407(1), prove that Plaintiff suffered extreme or severe emotional distress, overcome the intracorporate conspiracy doctrine, or transform Resorts World's alleged failure to prevent Mr. Alexander from "harassing" Plaintiff into an "inherently dangerous" activity. Under these circumstances, allowing discovery to commence while RW's Dismissal Motion [ECF No. 14] is pending will only serve to increase the cost, in time and money, of this frivolous litigation, contrary to Federal Rule of Civil Procedure 1 and Local Rule 1-1.  *See* Fed. R. Civ. P. 1

---

[4] Plaintiff's statement is, at a minimum, partially untrue.  That is, if any "communications between RWLV/Sibella and Alexander" exist, such communications would be in Mr. Alexander's possession as well and could be obtain in the action pending between Mr. Alexander and Plaintiff.  Thus, Plaintiff does not need to conduct discovery in this action to obtain those communications.

(stating the Federal Rules of Civil Procedure should be "construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding."); Local Rule 1-1(a) ("These rules will be administered in a manner to secure the just, speedy, and inexpensive determination of every action and proceeding."). The Court should stay discovery pending a decision on RW's Dismissal Motion.

### E. The Court's "Preliminary Peek" Supports the Dismissal of Plaintiff's Complaint.

Lastly, the Court's "preliminary peek" at the merits of RW's Dismissal Motion [ECF No. 14] should convince the Court of the multiple grounds upon which Plaintiff's claims should be dismissed. As discussed in depth in RW's Dismissal Motion [ECF No. 14] and reply [ECF No. 30], Plaintiff's Complaint failed to establish jurisdiction in this Court, asserted claims that trigger an absolute immunity as a matter of law under NRS 463.3407(1), and is otherwise replete with significant deficiencies that render it ripe for dismissal pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff not only failed to refute Resorts World's "preliminary peek" analysis, he utterly failed to address the "preliminary peek" standard altogether. The Court should treat his silence as a concession on the merits of Resorts World's "preliminary peek" argument and grant this Motion. *See e.g.*, LR 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion.").

//
//
//
//
//
//
//
//
//

**II.     CONCLUSION**

For the reasons set forth above, Resorts World respectfully requests that the Court grant this Motion and stay discovery pending the Court's decision on RW's Dismissal Motion [ECF No. 14].

Dated this 8th day of February, 2024.

                         PETERSON BAKER, PLLC

By: /s/ Tamara Beatty Peterson
TAMARA BEATTY PETERSON, ESQ., Bar No. 5218
tpeterson@petersonbaker.com
NIKKI L. BAKER, ESQ., Bar No. 6562
nbaker@petersonbaker.com
DAVID E. ASTUR, ESQ., Bar No. 15008
dastur@petersonbaker.com
701 S. 7th Street
Las Vegas, NV 89101
Telephone:  702.786.1001
Facsimile:  702.786.1002

*Attorneys for Defendants Resorts World Las Vegas, LLC and Resorts World Las Vegas Hotels, LLC*

10

# CERTIFICATE OF SERVICE

Pursuant to Fed.R.Civ.P.5(b), and Section IV of District of Nevada Electronic Filing Procedures, I certify that I am an employee of Peterson Baker, PLLC, and that a true and correct copy of **REPLY IN SUPPORT OF DEFENDANTS RESORTS WORLD LAS VEGAS, LLC AND RESORTS WORLD LAS VEGAS HOTELS, LLC'S MOTION TO STAY DISCOVERY PENDING DECISION ON MOTION TO DISMISS [ECF NO. 14]** was served via electronic service, via CM/ECF, on this 8th day of February, 2024, and to the following:

DAVID J. MERRILL, ESQ.
david@djmerrillpc.com
DAVID J. MERRILL, P.C.
10161 Park Run Drive, Suite 150
Las Vegas, NV 89145
*Attorney for Plaintiff Robert J. Cipriani*

MARSHALL R. COLE, ESQ.
mcole@nemecek-cole.com
NEMECEK & COLE
16255 Ventura Blvd. Suite 300
Encino, CA 9436
*Attorney for Plaintiff Robert J. Cipriani*

J. COLBY WILLIAMS, ESQ.
jcw@cwlawlv.com
SAMUEL R. MIRKOVICH, ESQ.
srm@cwlawlv.com
CAMPBELL & WILLIAMS
710 South Seventh Street, Suite A
Las Vegas, Nevada 89101
*Attorneys for Defendant Scott Sibella*

/s/ Clarise Wilkins
Employee of Peterson Baker, PLLC