CAMPBELL & WILLIAMS
J. COLBY WILLIAMS, ESQ. (5549)
jcw@cwlawlv.com
SAMUEL R. MIRKOVICH, ESQ. (11662)
srm@cwlawlv.com
710 South Seventh Street
Las Vegas, Nevada 89101
Telephone: (702) 382-5222
Facsimile: (702) 382-0540

*Attorneys for Defendant*
*Scott Sibella*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ROBERT J. CIPRIANI, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>RESORTS WORLD LAS VEGAS, LLC, a Delaware limited liability company, RESORTS WORLD LAS VEGAS HOTELS, LLC, a Delaware limited liability company, SCOTT SIBELLA, an individual, and DOES 1-10,<br><br>Defendants. | Case No.: 2:23-cv-01626-MMD-MDC<br><br>**DEFENDANT SCOTT SIBELLA'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND [ECF NO. 46]** |

**I. INTRODUCTION**

Like his arrest for illegally past-posting wagers to improve his gambling position after learning the outcome of his blackjack hand, Plaintiff Robert Cipriani ("Cipriani") now seeks to retroactively improve his litigation position after recently learning from the Court that this lawsuit faces long odds of surviving Defendants' pending dismissal motions. While Defendant Scott Sibella ("Sibella") acknowledges that leave to amend is liberally granted under Rule 15, that liberality has limits. One such limit is where the proposed amendment is interposed in bad faith or for an improper purpose. That is exactly the situation here as Cipriani seeks to poison the well against Sibella based on collateral matters while simultaneously seeking (but failing) to cure the

1

self-inflicted wounds that require his complaint to be dismissed.  Respectfully, the Court should not countenance Cipriani's efforts to game the judicial system.

## II.  BACKGROUND

**A.    Procedural History.**

Cipriani filed his complaint against Sibella and Defendants Resorts World Las Vegas, LLC and Resorts World Las Vegas Hotels, LLC (collectively "Resorts World") on October 9, 2023, alleging claims for (i) negligence, (ii) innkeeper liability under Nev. Rev. Stat. § 651.015, (iii) negligent training, supervision and retention, (iv) intentional infliction of emotional distress, (v) civil conspiracy, and (vi) concert of action.  ECF No. 1.  The complaint devoted 21 paragraphs to the criminal charges against Cipriani for illegal gambling and attached scores of records from the criminal case as exhibits.  *See id.* ¶¶ 86-106 and Exs. 5-6.  The complaint, moreover, expressly and repeatedly sought to recover damages based on the criminal charges against Cipriani.  *See, e.g., id.* ¶¶ 114, 122, 132.

Resorts World and Sibella moved to dismiss the entire complaint and sought judicial notice of certain public records related thereto.  ECF Nos. 14, 19, 20.  All defendants argued that Cipriani's claims were barred under Nev. Rev. Stat. § 463.3407, which immunizes gaming licensees and their affiliates from civil claims premised on communications with the Nevada Gaming Control Board and/or the Nevada Gaming Commission.  *See, e.g.*, ECF No. 19 at 9:19-11:2.  Cipriani opposed the dismissal motions, *see* ECF Nos. 23 and 28, but he did not oppose Sibella's request for judicial notice.  Recognizing he had not accounted for Nev. Rev. Stat. § 463.3407 when crafting his civil claims, Cipriani's opposition briefs claimed that the complaint's detailed allegations about his gaming-related criminal charges were "provided for reference purposes only."  *See, e.g.*, ECF No. 28 at 7:9-12.

Defendants filed replies in support of their dismissal motions on December 4 and 6, 2023.  ECF Nos. 30, 31.  Sibella also filed a notice of non-opposition to his request for judicial notice.

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
710 SOUTH SEVENTH STREET, SUITE A, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

ECF No. 32. The replies not only responded to Cipriani's few affirmative arguments opposing dismissal, but Sibella also highlighted that Cipriani had utterly failed to address Sibella's arguments that the claims against him for statutory innkeeper liability and negligent training/supervision/retention were incurably defective. ECF No. 32 at 3:2-4:14. Under Ninth Circuit precedent, that meant Cipriani had abandoned those claims and that dismissal is appropriate. *Id.* (citing *Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006) and *Stutts v. County of Lyon*, No. 3:19-cv-00552-MMD-CLB, 2020 WL 1904581, at *5 (D. Nev. Apr. 17, 2020)). The dismissal motions remain pending.

Resorts World subsequently moved to stay discovery until the dismissal motions were resolved. ECF No. 35. Sibella joined the motion, which was fully briefed as of February 9, 2024. ECF Nos. 36, 38, 39, 40. After conducting a hearing, the Court granted the stay motion on February 23, 2024. ECF No. 45. The Court conducted a "preliminary peek" at the dismissal motions under the traditional framework for reviewing stay motions and was "convinced there is a likelihood of dismissal." *See* Hr'g Tr. dated Feb. 23, 2024 at 43:4-11 (ECF No. 47). The Court also reviewed the stay motion under the newer "pragmatic" approach adopted by certain Magistrate Judges in this district and again concluded that good cause existed to stay discovery. *Id.* at 43:12-15. Cipriani filed his leave motion five days later. ECF No. 46.

**B.    Cipriani's Motion for Leave.**

The proposed First Amended Complaint ("FAC"), according to Cipriani, "contains two major revisions" along with other "minor revisions." Mot. at 3:14-15.

The first major revision is that Cipriani seeks to inject a plea agreement that Sibella entered with the federal government related to a single count of failing to file a Suspicious Activity Report ("SAR") related to a gambler named Wayne Nix. *See* ECF No. 46-1, Ex. 6. The plea agreement relates to Sibella's tenure years earlier at a prior employer, MGM Grand, Las Vegas, and has nothing to do with Resorts World or the incidents at issue in Cipriani's complaint arising from his

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
710 SOUTH SEVENTH STREET, SUITE A, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

3

interactions with a different gambler named Robert Alexander ("Alexander").  *Id.*  Indeed, the name "Wayne Nix" appears nowhere in the original complaint.  *See generally* ECF No. 1.

Based on little more than "information and belief," Cipriani now alleges that the purported harassment he received at the hands of the elderly, infirm, and scooter-bound Alexander in late 2021 was put in motion by Sibella and Resorts World as retaliation because Cipriani—in his self-anointed role as guardian of Nevada's gaming floors—had written a letter to Jim Murren (then-CEO of MGM Grand's parent company) in January 2019 complaining about unsavory characters in MGM Grand's casino.  *See* Mot. at 3:16-4:21.  Frankly, this tale is even less plausible than that set forth in Cipriani's original complaint as it asks the Court to accept that rather than simply ban Cipriani from Resorts World, as Defendants were plainly entitled to do under Nev. Rev. Stat. § 463.0129(3)(a) and *Slade v. Caesars Entm't Corp.*, 373 P.3d 74 (Nev. 2016), Sibella and Resorts World instead decided to lay in wait for nearly three years, let Cipriani gamble at the property for months, and then chose to spring Alexander as an instrumentality of harassment through positioning his mobility scooter close to Cipriani and filming him while he gambled.  Please.

As someone who routinely boasts that he helped take down one of the largest drug rings in the country and that a movie is being made about his exploits,[1] Cipriani's conclusory assertions that Alexander's alleged conduct caused him severe emotional distress and other sundry harms defy both logic and belief.  More importantly, Cipriani's gratuitous effort to inject Sibella's plea agreement here—a plea agreement involving a different employer, a different casino patron, and altogether different facts—does nothing to help him state a viable claim against Defendants.

The FAC's second major revision is that it "removes any and all references to a report to the Nevada Gaming Control Board (NGCB)" related to certain criminal charges against Cipriani.

---

[1]   *See* excerpts from Cipriani's Twitter feed (now known as X), https://twitter.com/robinhood702?lang=en, true and correct copies of which are attached hereto as aggregate Exhibit 1.

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
710 SOUTH SEVENTH STREET, SUITE A, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

Mot. at 4:22-23. Cipriani's effort to perpetuate the fiction that the prior references to this subject were "only to provide context, and not as basis [sic] for any of the claims asserted in the original complaint," *id.* at 4:23-24, is amusing but ultimately irrelevant as Cipriani cannot salvage his implausible claims by deleting factual allegations that undermine the original complaint.[2]

## III. ARGUMENT

**A. Legal Standard.**

Although the Court can "freely give leave when justice so requires," it should "not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006); *see also Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989) (same). The Court need not determine that each factor is present to deny Cipriani leave to amend. Bad faith, for example, "is an independent reason for denying leave to amend." *Yeboah v. Bank of Am., N.A.*, 2019 WL 3388045, at *16 (D. Conn. July 26, 2019). Seeking "leave to amend solely to gain a tactical advantage" is one type of bad faith that warrants denial of a motion for leave. *See Oneida Indian Nation of New York State v. City of Oneida*, N.Y., 199 F.R.D. 61, 79-87 (N.D.N.Y. 2000). Cipriani's motion seeks to do just that.

---

[2] Cipriani's justification for filing his leave motion is also dubious. Cipriani has represented to the Court that the timing of the leave motion is attributable to the fact that "[*i*]*t was only after the hearing [on the stay motion] that Plaintiff's counsel, Vikram Sohal, learned of Sibella pleading guilty to money laundering charges*." Mot. at 3:8-10 (emphasis added). This language is artfully worded for a reason. Sibella's plea agreement was made public on January 25, 2024 and widely reported. *See, e.g.*, https://www.reviewjournal.com/business/casinos-gaming/former-casino-executive-pleads-guilty-to-federal-charges-2987604/ (last visited March 5, 2024). Indeed, Cipriani publicly posted Sibella's plea agreement on his X social media account the day it was made public and—as is his custom and practice—has repeatedly tried to take credit therefor. *See* Exhibit 1. The suggestion that Cipriani (who regularly posts about this lawsuit, *see* Ex. 1) immediately told his few thousand followers about Sibella's plea agreement the day it came out but said nothing about it to his attorneys who are currently suing Sibella is just another example of Cipriani trying to play everyone else as the fool.

5

**B.     The Proposed FAC Is Submitted In Bad Faith And For Improper Purposes.**

Cipriani hopes to gain multiple improper tactical advantages through his motion, all of which evidence his bad faith.  First, the proposed FAC is rife with immaterial, impertinent, and scandalous matter plainly designed to embarrass Sibella and/or to coerce a settlement.  Second, the proposed FAC blatantly omits numerous factual allegations from Cipriani's original complaint in a transparent effort to escape Defendants' pending immunity arguments under Nev. Rev. Stat. § 463.3407.  Third, the proposed FAC seeks to circumvent binding precedent holding that a plaintiff abandons his claims where, as here, he failed to defend them in the face of a pending motion to dismiss.  We briefly address each in turn.

**1.     Sibella's plea agreement.**

After removing his own criminal records as an exhibit to the original complaint (discussed below), Cipriani now intends to attach Sibella's plea agreement as an exhibit to the FAC.  Mot. at 4:14-19.  Cipriani also wants to add multiple allegations regarding Sibella's plea agreement as part of his new theory that the alleged "harassment" he encountered at Resorts World in late 2021 was in retaliation for a letter he wrote to MGM executives back in early 2019.  *Id.* at 3:19-4:22. Cipriani, though, has obviously known about his January 2019 letter to MGM since the day he filed this action in October 2023, yet he said nothing about it in his original complaint.  "[L]ate amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." *Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398-99 (9th Cir. 1986) (affirming denial of leave to amend brought "to avoid the possibility of an adverse summary judgment ruling").

Denial of leave to amend is also warranted as Cipriani's effort to inject Sibella's plea agreement into this unrelated civil proceeding is being done for the improper purpose of causing Sibella embarrassment and other forms of prejudice.  *Cf. Bennett v. Primadonna Co., LLC*, No.

6

2:15-cv-00575-GMN-GWF, 2016 WL 843257, at *2 (D. Nev. Mar. 1, 2016) ("Leave to amend may be denied where the amendment is introduced to cause delay in proceedings *or for some other improper purpose.*") (emphasis added).   While Cipriani may be free to spew immaterial, impertinent, and scandalous matter about Sibella and others on his X social media account, *see, e.g.*, Exhibit 1, it is improper to include such material in his pleadings. *Cf.* Fed. R. Civ. P. 12(f).

"Immaterial" matter is "that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517, 534–35 (1994) (interpreting Rule 12(f)). "'Impertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Id.* "Scandalous" matter "improperly casts a derogatory light on someone, most typically on a party to the action." 5C Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 1382 (3d ed. 2004); *see also Mazzeo v. Gibbons*, 649 F. Supp. 2d 1182, 1202 (D. Nev. 2009) ("'Scandalous' matter is that which casts a cruelly derogatory light on a party or other person."). The proposed FAC checks all these boxes.

Sibella's plea agreement relates to his employment at a different gaming company, MGM Grand, not Resorts World; it relates to a different time period than the events at issue in the complaint, early 2019 versus late 2021; it relates to a different casino customer, Wayne Nix versus Robert Alexander; and it relates to entirely different conduct, one count of failing to file a SAR related to Nix versus purportedly allowing an elderly, infirm, scooter-bound Alexander engage in "harassment."   For all these reasons the plea agreement and related allegations are immaterial and impertinent.   They are also scandalous as Cipriani has an unhealthy obsession with portraying others in a derogatory light while casting himself in the role of altruist.   Sibella has accepted responsibility for his actions related to Nix and will face the consequences thereof in the criminal case pending in the Central District of California.   Cipriani should not be permitted to pollute this proceeding with this grossly collateral matter based on nothing more than spite.

## 2. Cipriani cannot erase inconvenient facts.

The proposed FAC deletes 21 paragraphs alleging purported harm flowing from Cipriani's gaming-related criminal charges. It also deletes two exhibits containing multiple documents related to his gaming-related criminal case. Cipriani admits that the goal of these omissions is to escape the sweep of Nev. Rev. Stat. § 463.3407. Mot. at 4:23-5:1. That, however, is wishful thinking as "courts are free to deny leave to amend a complaint if the proposed amended complaint attempts to omit previously [ ] alleged facts without adequate explanation or in bad faith[.]" *Kilkenny v. L. Off. of Cushner & Garvey, LLP*, 2012 WL 1638326, at *5 (S.D.N.Y. May 8, 2012); *Austin v. Ford Models, Inc.*, 149 F.3d 148, 155 (2d Cir. 1998), *abrogated on other grounds by Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002) (affirming denial of leave to amend where proposed amendment "omitted the admissions in the first amended complaint, on the basis that [Plaintiff] could not by these omissions 'erase[]' the admissions in her first amended complaint"); *cf. Reddy v. Litton Indus., Inc,*. 912 F.2d 291, 297 (9th Cir. 1990) ("Although leave to amend should be liberally granted, the amended complaint may only allege other facts consistent with the challenged pleading.") (quotation omitted).

Where a plaintiff like Cipriani omits previously-pled material information that harms his case, those allegations "are appropriately characterized as judicial admissions that Plaintiff has not cured." *Jackson v. Loews Hotels, Inc.*, 2019 WL 6721637, at *3 (C.D. Cal. July 24, 2019) (citing *Huey v. Honeywell, Inc.*, 82 F.3d 327, 333 (9th Cir. 1996) (admissions in original complaints that have been 'amended or withdrawn' are no longer conclusive but are still admissions, and courts may still consider them)). In an analogous context, one court has instructed that "Plaintiff cannot avoid application of the statute of limitations by simply deleting from its amended complaint allegations evidencing that it discovered or should have discovered the factual basis of its securities claims more than one year before it filed the complaint*." In re Yogaworks, Inc. Sec. Litig.*, 2020 WL 2549290, at *3 (C.D. Cal. Apr. 23, 2020). So, too, here. Cipriani cannot avoid application of

Nev. Rev. Stat. § 463.3407 by simply deleting from his original complaint more than twenty paragraphs and two exhibits acknowledging that the harm about which he complains flowed from privileged communications with Nevada gaming regulators.

### 3. Cipriani should not be permitted to cure his previous failure to address Sibella's dismissal arguments through the guise of amendment.

Sibella's motion to dismiss set forth extensive argument why Cipriani's claims against Sibella individually for statutory innkeeper liability and negligent training/supervision/retention failed to state a claim. ECF No. 12:25-15:18. Because Cipriani did not address these arguments in his opposition, *see* ECF No. 28, Sibella argued in reply that Cipriani should be deemed to have abandoned those claims under Ninth Circuit precedent. ECF No. 32 at 3:2-4:14 (citing *Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006) and *Stutts v. County of Lyon*, No. 3:19-cv-00552-MMD-CLB, 2020 WL 1904581, at *5 (D. Nev. Apr. 17, 2020)).

The proposed FAC now tries to save these claims against Sibella by bolstering allegations in direct response to the arguments Sibella made in his dismissal motion. *See, e.g.*, ECF No. 46-1 ¶¶ 100, 108. The time for Cipriani to address Sibella's arguments was in his opposition brief. He should not be permitted to sit silent, gamble on the outcome of Defendants' dismissal motions, and then try to fix his losing hand through a belated amendment after the Court has indicated the original complaint is not likely to survive. *See, e.g., Acri*, 781 F.2d at 1398-99 (denying leave to amend where plaintiff made tactical choice to delay bringing claims in effort to avoid summary judgment); *Trans Video Elecs., Ltd. v. Sony Elecs., Inc.*, 278 F.R.D. 505, 510 (N.D. Cal. 2011), *aff'd*, 475 F. App'x 334 (Fed. Cir. 2012) ("belated motion to amend was made in bad faith, only as a last-ditch attempt to avoid the summary judgment"); *Ronan Tel. Co. v. Verizon Select Servs.*,

*Inc.*, 340 F.R.D. 167, 173 (D. Mont. 2021) ("bad faith" basis for denying leave to amend is appropriate for "cases of obvious gamesmanship").[3]

### IV.  CONCLUSION

For all these reasons, Sibella respectfully submits that Cipriani's motion should be denied.

DATED this 13th day of March, 2024.

CAMPBELL & WILLIAMS

By  /s/ *J. Colby Williams*
    J. COLBY WILLIAMS, ESQ. (5549)
    SAMUEL R. MIRKOVICH, ESQ. (11662)
    710 South Seventh Street
    Las Vegas, Nevada 89101

    *Attorneys for Defendant*
    *Scott Sibella*

---

[3]  The proposed FAC is not Cipriani's first attempt to salvage his flawed original complaint.  While Cipriani failed to engage on Sibella's arguments related to statutory innkeeper liability and negligent training/supervision/retention, he responded to some of Sibella's other arguments by asserting allegations in his opposition that are nowhere in his original complaint.  *See* ECF No. 31 at 6:19-7:9.  Nevertheless, Sibella recognized then, as he does now, that "[f]acts raised for the first time in plaintiff's opposition papers should be considered by the court in determining whether to grant leave to amend or to dismiss the complaint with or without prejudice."  *Dearaujo v. PNC Bank, Nat. Ass'n*, No. 2:12-cv-00981-MMD-PAL, 2012 WL 5818131, at *2 (D. Nev. Nov. 15, 2012).  Regardless of whether the Court looks at the new allegations in Cipriani's opposition or those contained in the proposed FAC, Sibella submits that Cipriani's motion should still be denied as any proposed amendment would be futile for reasons argued herein and in Sibella's dismissal papers.  *See Reddy*, 912 F.2d at 297 (denial of leave to amend was not an abuse of discretion where proposed amendment would not cure the complaint's deficiencies).

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
710 SOUTH SEVENTH STREET, SUITE A, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that service of **Defendant Scott Sibella's Opposition to Plaintiff's Motion for Leave to Amend [ECF No. 46]** was served on the 13th day of March, 2024 via the Court's CM/ECF electronic filing system addressed to all parties on the e-service list.

                             /s/ *J. Colby Williams*
                             An employee of Campbell & Williams

11

INDEX

| EXHIBIT NO. | DESCRIPTION | PAGES |
|---|---|---|
| N/A | Declaration of J. Colby Williams | -- |
| 1 | Excerpts from Robert Ciripiani's X (formerly Twitter) Social Media Account | 1-7 |