TAMARA BEATTY PETERSON, ESQ., Bar No. 5218
tpeterson@petersonbaker.com
NIKKI L. BAKER, ESQ., Bar No. 6562
nbaker@petersonbaker.com
DAVID E. ASTUR, ESQ., Bar No. 15008
dastur@petersonbaker.com
PETERSON BAKER, PLLC
701 S. 7th Street
Las Vegas, NV 89101
Telephone:  702.786.1001
Facsimile:   702.786.1002

*Attorneys for Defendants Resorts World Las Vegas, LLC
and Resorts World Las Vegas Hotels, LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ROBERT J. CIPRIANI, an individual,<br><br>Plaintiff,<br><br>v.<br><br>RESORTS WORLD LAS VEGAS, LLC, a Delaware limited liability company, RESORTS WORLD LAS VEGAS HOTELS, LLC, a Delaware limited liability company, SCOTT SIBELLA an individual, and DOES 1-10,<br><br>Defendants. | Case No.: 2:23-cv-01626-MMD-MDC<br><br>**DEFENDANTS RESORTS WORLD LAS VEGAS, LLC AND RESORTS WORLD LAS VEGAS HOTELS, LLC'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE OF THE COURT TO FILE A FIRST AMENDED COMPLAINT [ECF NO. 46]** |

Defendants Resorts World Las Vegas, LLC and Resorts World Las Vegas Hotels, LLC (collectively, "Resorts World"), by and through their attorneys of record, Tamara Beatty Peterson, Esq. and Nikki L. Baker, Esq., of the law firm of Peterson Baker, PLLC, respectfully submit their Response in opposition to "Plaintiff's Motion for Leave of the Court to File a First Amended Complaint" [ECF No. 46] filed on February 28, 2024 ("Plaintiff's Motion").  For the reasons set forth in Resorts World's "Motion to Dismiss Complaint for Damages [ECF No. 1]" filed on November 13, 2023 [ECF No. 14], and the reply in support thereof filed on December 4, 2023 [ECF No. 30] (collectively, "RW's Dismissal Motion"), Plaintiff's Complaint failed to establish jurisdiction in this Court, asserted claims that trigger an absolute immunity as a matter of law under

NRS 463.3407(1), and is otherwise replete with significant and incurable deficiencies that render it ripe for dismissal pursuant to Fed. R. Civ. P. 12(b)(6). RW's Dismissal Motion is currently pending before the Court.

Nevertheless, Plaintiff now makes a belated attempt to cure his defective claims through his proposed amended Complaint. Plaintiff's "new" allegations and documents are wholly ineffective and irrelevant as against Resorts World, thereby turning his attempt into an exercise in futility. The Court should deny Plaintiff's Motion [ECF No. 46].

This Response in opposition to Plaintiff's Motion is supported by the following Memorandum of Points and Authorities, the pleadings and papers on file herein, and any oral argument the Court chooses to consider.

Respectfully submitted this 13th day of March, 2024.

PETERSON BAKER, PLLC


By: /s/ Nikki L. Baker
TAMARA BEATTY PETERSON, ESQ., Bar No. 5218
tpeterson@petersonbaker.com
NIKKI L. BAKER, ESQ., Bar No. 6562
nbaker@petersonbaker.com
701 S. 7th Street
Las Vegas, NV 89101
Telephone:  702.786.1001
Facsimile:  702.786.1002

*Attorneys for Defendants Resorts World Las Vegas, LLC and Resorts World Las Vegas Hotels, LLC*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiff's Motion essentially concedes that his initial Complaint [ECF No. 1] cannot withstand the Court's scrutiny.  Nearly five months ago, Plaintiff initiated this frivolous action against Resorts World and Scott Sibella ("Mr. Sibella").  (*See generally*, Compl. [ECF No. 1].)  Plaintiff's initial charging pleading was riddled with scurrilous allegations and fatally flawed claims for relief.  In response, Resorts World filed RW's Dismissal Motion,[1] which pointed out the numerous deficiencies in Plaintiff's claims against Resorts World.  As of December 4, 2023, RW's Dismissal Motion was fully briefed and pending before the Court.

Instead of waiting for the Court's decision on RW's Dismissal Motion, Plaintiff's Motion seeks leave to file his proposed First Amended Complaint for Damages [ECF No. 46-1] ("Proposed Complaint").  Plaintiff's Proposed Complaint does not remedy the fatal deficiencies in his Complaint.

Through his Motion, Plaintiff seeks to amend his Complaint to add "new allegations" "that relate to" Mr. Sibella pleading guilty on or about December 27, 2023, "to violating federal anti-money laundering laws by allowing a known criminal to gamble at MGM Grand while Sibella was MGM's President and Chief Executive Officer."  (*See* Plaintiff's Motion [ECF No. 46] at 2:16-18; 3:16-18.)  These proposed "new" allegations concern alleged acts and emails Plaintiff sent while Mr. Sibella was President of MGM Grand, over *two years* before Resorts World opened[2] and almost *three years* before the incident with Mr. Alexander occurred at Resorts World.  The proposed "new" allegations concern Mr. Sibella purportedly allowing Wayne Nix to gamble at MGM Grand.  (*Id*. at 4:13-15.)  Mr. Nix is not, however, mentioned anywhere in Plaintiff's Complaint.  (*See generally*, Compl. [ECF No. 1].)  The question can thus be fairly posed:  how do these allegations shed any light on, much less cure the significant defects in, Plaintiff's claims for relief against Resorts World?  In short, they do not.  Their addition via amendment is futile.

---

[1] By reference, Resorts World incorporates herein RW's Dismissal Motion [ECF Nos. 14 & 30] to support the futility of Plaintiff's proposed amended Complaint.

[2] Resorts World opened on June 24, 2021.  *See e.g*., Resorts World Las Vegas announces opening date | Casinos & Gaming | Business (reviewjournal.com) (last visited on March 12, 2024).

3

Plaintiff also seeks to add "three new exhibits (Exs. 1, 2 and 6)" to his Complaint relating to Mr. Sibella's prior employment at MGM Grand. (*See* Plaintiff's Motion [ECF No. 46] at 3:16-18.) In addition to their lack of relevancy to Plaintiff's claims against Resorts World, two of these exhibits are dated January 28, 2019 (*id.* at ECF No. 46-1), over four years *prior* to October 9, 2023, when Plaintiff filed his Complaint. (*See* ECF No. 1.) This fact begs the question, if the exhibits evidenced or supported his claims against Resorts World, why didn't Plaintiff attach them to his original Complaint? Plaintiff provides no explanation for his failure to attach these documents to his Complaint. Plaintiff's silence justifies the Court denying him leave to attach these documents to his operative pleading now.

Plaintiff attempts to excuse his belated attempt to amend his Complaint by carefully averring that Mr. Sohal—one of his three attorneys of record—"learned of Sibella pleading guilty to money laundering charges" "only after" the hearing held on February 23, 2024. (*See* Plaintiff's Motion [ECF No. 46] at 3:6-10.) Plaintiff's assertion is misleading, at best. As evidenced by his social media account, *Plaintiff* was aware of the guilty plea by January 25, 2024, at the latest, when he posted a photograph of the article published on January 24, 2024, in the Las Vegas Review Journal about Mr. Sibella's guilty plea.[3] (*See* ECF No. 48-2 at Page 10 of 14.)

In sum, Plaintiff hopes that if he piles on enough scurrilous allegations of wrongdoing by Mr. Sibella when he was employed by MGM Grand, the Court will simply presume that Mr. Sibella and/or Resorts World did something wrong when Mr. Sibella was employed by Resorts World. Yet, a close review of Plaintiff's Proposed Complaint reveals that Plaintiff still cannot plausibly articulate how and why he believes Resorts World and/or Mr. Sibella harmed him. Denying Plaintiff's Motion will promote judicial economy by removing the need for multiple rounds of briefing to address Plaintiff's legally insufficient pleadings. The Court should grant RW's Dismissal Motion and deny Plaintiff's Motion.

---

[3] The relevant article can be found at [Former Resorts World president Scott Sibella pleads guilty in federal court case | Casinos & Gaming | Business (reviewjournal.com)](#) (last visited March 12, 2024). It is noteworthy that Plaintiff does not assert that his Nevada counsel, Mr. Merrill, and his other California counsel, Mr. Cole, were likewise in the dark about this article or Mr. Sibella's guilty plea until after the hearing held on February 23, 2024.

PETERSON BAKER, PLLC
701 S. 7th Street
Las Vegas, NV 89101
702.786.1001

## II. SUMMARY OF RELEVANT PROCEDURAL BACKGROUND

On October 9, 2023, Plaintiff commenced this action against Resorts World, Mr. Sibella, and unnamed individuals. (*See generally*, Compl. [ECF No. 1].) In his Complaint, Plaintiff purports to allege the following claims: (1) Negligence (against all Defendants); (2) Innkeeper Liability NRS 651.015 (against all Defendants); (3) Negligent Training, Supervision, and Retention (against all Defendants); (4) Intentional Infliction of Emotional Distress ("IIED") (against all Defendants); (5) Civil Conspiracy (against all Defendants); and (6) Concert of Action (against all Defendants). (*Id.*)

On November 13, 2023, Resorts World timely filed RW's Dismissal Motion [ECF No. 14]. RW's Dismissal Motion highlighted the fatal defects in each and all of Plaintiff's claims for relief. (*See generally,* RW's Dismissal Motion [ECF No. 14].) Additionally, on November 15, 2023, Mr. Sibella filed his "Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)" [ECF No. 19], which likewise seeks the dismissal of all of Plaintiff's claims for relief. That same day, Mr. Sibella also filed a "Request for Judicial Notice in Support of Defendant Scott Sibella's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)" [ECF No. 20]. On November 18, 2023, Mr. Sibella filed a Joinder to RW's Dismissal Motion. (*See* ECF No. 22.) Apparently believing that his claims were sufficiently pled, Plaintiff did not attempt to amend his Complaint upon receiving either dismissal motion.

On January 18, 2024, Resorts World moved to stay discovery pending a decision on RW's Dismissal Motion. (*See* ECF No. 35.) Mr. Sibella joined in Resorts World's motion. (*See* ECF No. 36.) During a hearing held on February 23, 2024, the Court granted Resorts World's stay request, and Mr. Sibella's joinder thereto. (*See* Minutes of Proceedings [ECF No. 45].)

On February 28, 2024, five days after the hearing and nearly five months after Resorts World filed RW's Dismissal Motion, Plaintiff filed the instant Motion. (*See* ECF No. 46.) As set forth herein, the proposed amendments lack substance and do not overcome the deficiencies in the Complaint. Accordingly, Plaintiff's Proposed Complaint is futile. Additionally, permitting Plaintiff to amend his Complaint now would contravene Fed. R. Civ. P. 1 and result in prejudice to Resorts World. For any or all of these reasons, Plaintiff's Motion should be denied.

5

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) allows leave of court to amend a pleading when justice so requires. Although leave "should be freely given when justice so requires", "leave to amend is not to be granted automatically." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990); *see LT Int'l Ltd. v. Shuffle Master, Inc.*, 8 F. Supp. 3d 1238, 1250 (D. Nev. 2014) (stating that leave to amend "is not automatic."). That is, the Court "may deny leave to amend if: (1) it will cause undue delay; (2) it will cause undue prejudice to the opposing party; (3) the request is made in bad faith; (4) the party has repeatedly failed to cure deficiencies; or (5) the amendment would be futile." *Holmes v. Lab'y Corp. of Am.,* No. 2:23-cv-00024-MMD-DJA, 2023 WL 7287423, at *1 (D. Nev. Aug. 3, 2023) (citing *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008)); *see also Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) ("Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint.").

"Futility alone can justify the denial of a motion to amend." *Id.* (citation omitted); *see also Klamath-Lake Pharmaceutical Ass'n v. Klamath Medical Service Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983) ("[F]utile amendments should not be permitted."). "A proposed amendment is futile only if no set of facts can be proved under the amendment that would constitute a valid claim or defense." *United States for use & benefit of Source Helicopters, Div. of Rogers Helicopters, Inc. v. Sayers Constr., LLC*, No. 2:19-cv-1602-JCM- EJY, 2020 WL 3643431, at *1 (D. Nev. July 6, 2020) (citation omitted). Futility may also be found where "proposed amendments are either duplicative of existing claims or patently frivolous, or both." *Bonin v. Calderon*, 59 F.3d 815, 846 (9th Cir. 1995). In this regard, "[i]f a proposed amendment could not withstand a motion to dismiss, a court is justified in denying a motion to amend the pleadings made pursuant to Rule 15(a)." *Rowe v. Clark Cty. Sch. Dist.,* No. 2:16-cv-661-JCM-PAL, 2017 WL 2945718, at *3 (D. Nev. July 10, 2017) (citations omitted); *see also Bonin*, 59 F.3d at 845 (stating "that a district court does not abuse its discretion in denying a motion to amend where the movant presents no new facts but only new

theories and provides no satisfactory explanation for his failure to fully develop his contentions originally.").

The test for futility is akin to the "the test for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). The party opposing amendment bears the burden of demonstrating futility. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

## IV. DISCUSSION

### A. Plaintiff's Proposed Complaint Does Not Address the Deficiencies of the Original Complaint, Thereby Making the Amendments Futile. [4]

#### 1. Plaintiff seeks to add allegations and documents that relate to Mr. Sibella's prior employment at MGM Grand and a different gambler, neither of bolster any claim for relief against Resorts World.

Plaintiff's Motion claims that the Proposed Complaint "seeks to further bolster the allegations and also to remove the alleged 'privileged' communication with NGCB" in his original Complaint. (*See* Plaintiff's Motion [ECF No. 46] at 6:26-28.) This vague rationale is inadequate especially considering that the Proposed Complaint does not address the defects in the original Complaint. Rather, Plaintiff's Proposed Complaint shuffles or rewords some language and adds allegations and exhibits related to Mr. Sibella's employment at MGM Grand years before Plaintiff wrongfully took Mr. Alexander's cell phone. (*See* Plaintiff's Motion [ECF No. 46] at 2:16-18; 3:16-18; 4:13-15.) None of Plaintiff's "new" allegations or documents bolster his claims against Resorts World. The proposed amendments to the Complaint are futile.

#### 2. Plaintiff's Proposed Complaint does not abrogate the absolute immunity afforded to Resorts World under NRS 463.3407(1).

Next, Plaintiff attempts to salvage his claims by removing numerous paragraphs in his Complaint that reference Resorts World's "report to the Nevada Gaming Control Board (NGCB)." (*See* Plaintiff's Motion [ECF No. 46] at 4:22-24.) Likewise, Plaintiff's Proposed Complaint removes "the Nevada Gaming Control Board report, voluntary witness statements, and the ultimate

---

[4] Resorts World addresses most, but not all, of the reasons why Plaintiff's "new" allegations and documents do not cure the defects in his Complaint. Resorts World reserves the right and ability to file another motion to dismiss, which would include these and other arguments, should the Court grant Plaintiff's Motion and deny RW's Dismissal Motion as moot.

7

criminal complaint" Plaintiff attached as Exhibit 5 to the Complaint as support for his (bolded and underlined) heading "Sibella and RWLV Actively Conspired to Silence Mr. Cipriani." Attempting to pull off a David Copperfield-esque move, Plaintiff says the omission of these allegations and documents from Plaintiff's Proposed Complaint makes Resorts World's immunity defense under NRS 463.3407(1) magically disappear. The Court should see through this illusion.

As in his Complaint, Plaintiff's Proposed Complaint alleges that Resorts World and Mr. Sibella caused Plaintiff to endure "weeks of threats and intimidation on RWLV's premises, an unjustified arrest, the baseless imposition of criminal charges, reputational and professional harm, as well as the inability to pursue his chosen profession at one of Las Vegas' largest casinos." (*See* Proposed Complaint [ECF No. 46-1] at ¶¶ 97, 105 & 115.) These allegations are incorporated through, among other paragraphs, paragraphs 90, 99, 107, 116, 127, and 136 of Plaintiff's Proposed Complaint, into each and all of Plaintiff's claims for relief.

Plaintiff will likely tell the Court that these allegations solely concern Plaintiff being arrested because of his "decision" to take Mr. Alexander's cell phone. Not true. According to the public records, Plaintiff's criminal charges relating to taking Mr. Alexander's cell phone were only "dismissed" after he pled to a disorderly conduct charge relating to the Plaintiff past-posting wagers and agreed to a sentence that protected the victims, and Resorts World, in both matters. (*See* RW's Dismissal Motion [ECF No. 14] at Ex. A.) (identifying one of the conditions of Plaintiff's plea deal is that Plaintiff "shall stay away and out of Resorts World properties including 3rd party vendor businesses within Resorts World, and all properties where [Plaintiff] has previously been trespassed."). Therefore, the allegations in Plaintiff's Proposed Complaint concern Resorts World reporting to the Nevada Gaming Control Board ("NGCB") the fact that Plaintiff past-posted wagers while playing blackjack at one of Resorts World's tables and the subsequent criminal complaint filed as a result. Resort World's communications with the NGCB about Plaintiff's past-posting wagers activity are absolutely privileged under NRS 463.3407. Nothing about Plaintiff's Proposed Complaint changes the fact that Plaintiff cannot maintain any claim or seek any damages arising out of Resort World's communications with the NGCB.

### 3. *Plaintiff's Proposed Complaint does not cure his anemic IIED claim.*

Additionally, as pointed out in RW's Dismissal Motion [ECF No. 14], Plaintiff's Complaint failed to plausibly allege he actually suffered extreme or severe emotional distress caused by Resorts World's "extreme and outrageous conduct" in regard to his IIED claim. (*See* Compl. [ECF No. 1] at ¶¶ 133-43.) To fix this pleading deficiency, Plaintiff alleges in the Proposed Complaint that "[a]s a direct and proximate result of Defendants' outrageous conduct, Plaintiff has suffered severe emotional distress of such substantial quantity and enduring quality that no reasonable man in a civilized society should be expected to endure it." (*See* Proposed Complaint [ECF No. 46-1] at ¶ 125.) Yet, earlier in the Proposed Complaint, Plaintiff alleges that he "was needlessly subjected to the inevitable severe emotional distress associated with an extended campaign of harassment, assaults and intimidation *at the hands of Alexander*, an unsubstantiated arrest and the imposition of criminal charges." (*Id.* at ¶ 87.) (emphasis added). Thus, according to Plaintiff's allegations, if Plaintiff suffered any severe emotional distress, such emotional distress was caused by Mr. Alexander, not Resorts World.

Nor do the alleged actions by Resorts World on which Plaintiff relies "constitute extreme and outrageous conduct as required by the first element of the cause of action." *Candelore v. Clark Cnty. Sanitation Dist.,* 752 F. Supp. 956, 962 (D. Nev. 1990), *aff'd,* 975 F.2d 588 (9th Cir. 1992). Viewed charitably, Plaintiff alleges, both in his Complaint and Proposed Complaint, that he suffered "mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities," none of which are sufficient to create liability under an IIED claim. *Id.* at 962 (stating liability for "extreme and outrageous conduct" "clearly does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities") (quoting Restatement (Second) of Torts § 41 cmt. d (1965)). His IIED claim, even as amended, remains subject to dismissal.

### 4. *Plaintiff's defective civil conspiracy claim is not remedied by the Proposed Complaint.*

Similarly, in order to avoid the dismissal of his civil conspiracy claim based on the application of Nevada's intracorporate conspiracy doctrine (*see* RW's Dismissal Motion [ECF No.

14] at 17:21—18:5), Plaintiff's Proposed Complaint seeks to add allegations that Mr. Sibella acted for his own individual benefit. Plaintiff alleges Mr. Sibella's "conspiracy was motivated by his desire to punish Plaintiff for the January 28, 2019 email (Ex. 1), and to silence Plaintiff for good." (*See* Proposed Complaint [ECF No. 46-1] at ¶ 129.)

Even assuming Plaintiff's theory that Mr. Sibella engaged in a years-long Machiavellian plot to somehow goad Plaintiff into wrongfully taking Mr. Alexander's cell phone and getting arrested as a result were true, Plaintiff's Proposed Complaint still includes the allegation that "[s]aid acts and/or failures to act within the scope of any agency or employment or were ratified by the defendants in this action" (*see* Proposed Complaint [ECF No. 46-1] at ¶ 4), which is incorporated by reference into each of Plaintiff's claims for relief (*id*. at ¶¶ 90, 99, 107, 116, 127 & 136). Plaintiff cannot, in one breath, hold Resorts World liable for alleged tortious acts by Mr. Sibella and then, in the next breath, claim Mr. Sibella was acting for his individual benefit, not on behalf of Resorts World, when he allegedly conspired with Resorts World to commit the alleged tortious acts. If allowed to amend his Complaint, Plaintiff's civil conspiracy claim would, yet again, be subject to dismissal.

### 5. *Plaintiff's Proposed Complaint does not, because it cannot, cure Plaintiff's improper concert of action claim.*

With respect to Plaintiff's concert of action claim, Plaintiff's Proposed Complaint makes purely cosmetic changes. That is, Plaintiff changed references to "Defendants" to "RWLV and individual defendant Sibella" (*see* Proposed Complaint [ECF No. 46-1] at ¶¶ 154 & 157), and referred to himself as "Plaintiff" rather than "Mr. Cipriani" (*id*. at ¶¶ 136-42). As with his Complaint, Plaintiff's Proposed Complaint does not plausibly allege Resorts World agreed with anyone to "engage in an inherently dangerous activity, with a known risk of harm, that could lead to the commission of a tort." *See GES, Inc. v. Corbitt*, 117 Nev. 265, 271, 21 P.3d 11, 15 (2001) (holding that to establish a concert of action claim, a plaintiff must prove that "the defendants agree to engage in an inherently dangerous activity, with a known risk of harm, that could lead to the commission of a tort."). Neither Resorts World nor the Court are required to laboriously search

through Plaintiff's Proposed Complaint for basic factual assertions that could support the elements of Plaintiff's claims for relief. *See e.g., Nw. Nat. Ins. Co. v. Baltes*, 15 F.3d 660, 662 (7th Cir. 1994) ("District judges are not archaeologists. They need not excavate masses of papers in search of revealing tidbits…."). Thus, Plaintiff's concert of action claim fails in the Complaint and in the Proposed Complaint.

In sum, allowing Plaintiff to amend his Complaint would result in another round of motions to dismiss. Because Plaintiff's Proposed Complaint would be subject to dismissal for essentially the same reasons set forth in RW's Dismissal Motion, Plaintiff's Proposed Complaint would be futile and Plaintiff's Motion should be denied. *See e.g., Rowe*, 2017 WL 2945718, at *3 (holding that "plaintiff's proposed amended complaint would be futile as five of the fifteen counts he seeks to re-plead would be subject to dismissal for essentially the same reasons the court previously set forth.").

### B. Permitting Plaintiff to Amend His Complaint Would Contravene Fed. R. Civ. P. 1 and Result in Prejudice to Resorts World.

The reasons to deny Plaintiff's Motion do not end there. Although Fed. R. Civ. P. 15(a) allows leave of court to amend a pleading "when justice so requires", this rule cannot be read in isolation. Rather, this rule must be read consistent with Fed. R. Civ. P. 1, which states that the rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."

Here, allowing Plaintiff to amend his Complaint now would be the antithesis of a "just, speed, and inexpensive determination" of this action. Rather, undue delay and prejudice are present here because Plaintiff seeks to amend his Complaint approximately five months after he filed his Complaint and while two motions to dismiss are pending against the Complaint. (*See* ECF Nos. 14 & 19.) What's more, Plaintiff's Proposed Complaint does not raise any new facts or documents related to his claims against Resorts World that were unavailable to him when he filed his original Complaint. Under these circumstances, the Court would be well within its discretion to deny Plaintiff's Motion. *See Allen v. City of Beverly Hills*, 911 F.2d 367, 374 (9th Cir. 1990) ("We have

11

held that a district court does not 'abuse its discretion in denying a motion to amend a complaint ... when the movant presented no new facts but only new theories and provided no satisfactory explanation for his failure to fully develop his contentions originally.'") (citation omitted).

Furthermore, Plaintiff's refusal to amend his Complaint until now has caused Resorts World to incur gratuitous expense and delay. Should the Court grant Plaintiff's Motion and deny as moot RW's Dismissal Motion, Resorts World will incur more expense to prepare and file yet another motion to dismiss, thus further delaying the resolution of Plaintiff's claims against Resorts World. Because Resorts World will be prejudiced by Plaintiff amending his Complaint, his Motion should be denied. *See Agha-Khan v. Pac. Cmty. Mortg., Inc.,* No. 2:16-cv-1124-JCM-NJK, 2017 WL 1317015, at *2 (D. Nev. Feb. 3, 2017) (denying plaintiff's motion for leave to file amended complaint because, among other reasons, "the greatest source of prejudice for defendants would be the likelihood that they must expend resources defending against new claims").

## V.    CONCLUSION

For the reasons set forth above, Resorts World respectfully requests that the Court deny Plaintiff's Motion [ECF No. 46].

Respectfully submitted this 13th day of March, 2024.

PETERSON BAKER, PLLC


By: /s/ Nikki L. Baker
　　TAMARA BEATTY PETERSON, ESQ., Bar No. 5218
　　tpeterson@petersonbaker.com
　　NIKKI L. BAKER, ESQ., Bar No. 6562
　　nbaker@petersonbaker.com
　　DAVID E. ASTUR, ESQ., Bar No. 15008
　　dastur@petersonbaker.com
　　701 S. 7th Street
　　Las Vegas, NV 89101
　　Telephone:  702.786.1001
　　Facsimile:  702.786.1002

　　*Attorneys for Defendants Resorts World Las Vegas, LLC*
　　*and Resorts World Las Vegas Hotels, LLC*

# CERTIFICATE OF SERVICE

Pursuant to Fed.R.Civ.P.5(b), and Section IV of District of Nevada Electronic Filing Procedures, I certify that a true and correct copy of **DEFENDANTS RESORTS WORLD LAS VEGAS, LLC AND RESORTS WORLD LAS VEGAS HOTELS, LLC'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE OF THE COURT TO FILE A FIRST AMENDED COMPLAINT [ECF NO. 46]** was served via electronic service, via CM/ECF, on this 13th day of March, 2024, and to the following:

DAVID J. MERRILL, ESQ.
david@djmerrillpc.com
DAVID J. MERRILL, P.C.
10161 Park Run Drive, Suite 150
Las Vegas, NV 89145
*Attorney for Plaintiff Robert J. Cipriani*

MARSHALL R. COLE, ESQ.
mcole@nemecek-cole.com
NEMECEK & COLE
16255 Ventura Blvd. Suite 300
Encino, CA 9436
*Attorney for Plaintiff Robert J. Cipriani*

J. COLBY WILLIAMS, ESQ.
jcw@cwlawlv.com
SAMUEL R. MIRKOVICH, ESQ.
srm@cwlawlv.com
CAMPBELL & WILLIAMS
710 South Seventh Street, Suite A
Las Vegas, Nevada 89101
*Attorneys for Defendant Scott Sibella*

/s/ Julia Melnar
On behalf of Peterson Baker, PLLC