**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Robert J Cipriani, <br><br>                    Plaintiff(s), <br><br> vs. <br><br> Resorts World Las Vegas, LLC, <br><br>                    Defendant(s). | 2:23-cv-01626-MMD-MDC <br><br> **Order** |

Pending before the Court is plaintiff Robert J. Cipriani's ("Mr. Cipriani") *Motion for Leave of the Court to File a First Amended Complaint* ("Motion to Amend") (ECF No. 46). Defendants Resorts World Las Vegas, LLC and Resorts World Las Vegas Hotels, LLC ("Resorts World") filed an Opposition (ECF No. 49) to the Motion to Amend. Defendant Scott Sibella ("Mr. Sibella") also filed an Opposition (ECF No. 48). The Court grants the Motion to Amend (ECF No. 46).

**DISCUSSION**

Mr. Cipriani seeks to amend his Complaint (ECF No. 1) based on newly discovered evidence. ECF No. 46 at 3:11-12. Specifically, Mr. Cipriani seeks to amend his Complaint based on his counsel, Vikram Sohal, learning that Mr. Sibella pleaded guilty to money laundering charges. ECF No. 46 at 3:9-10. Mr. Cipriani's First Amended Complaint ("FAC") seeks to (1) "add new allegations and three exhibits…to the FAC that relate to Sibella's recent guilty plea" (ECF No. 46 at 3: 16-17) and (2) "remove[] any and all references to a report to the Nevada Gaming Control Board (NGCB)" (ECF No. 46 at 4:22-23). Defendants Mr. Sibella and Resorts World oppose the Motion to Amend. ECF Nos. 48 and 49. Mr. Sibella argues that "the prosed FAC is submitted in bad faith and for improper purposes." ECF No. 48 at 6:1. Resorts World argues that the amendment is futile and would result in prejudice. ECF No. 49 at 5:26-28.

**I.      LEGAL STANDARD**

Once the time to amend a pleading as a matter of course has expired, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. R. 15(a)(2). The Rule states that "courts should freely give leave when justice so requires." *Id.* The policy is applied with "extreme liberality." *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003); *see also Chodos v. W. Publ. Co.*, 292 F.3d 992, 1003 (9th Cir. 2002). However, the "extreme liberality" is tempered by other considerations. *See Grand Canal Shops II, LLC v. Lavarone*, 2012 U.S. Dist. LEXIS 171921, at *3 (D. Nev. Dec. 4, 2012). Courts look to five factors when assessing the propriety of a Motion to Amend: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended the complaint. *See Johnson v. Buckley,* 356 F.3d 1067, 1077 (9th Cir. 2004); *see also Eminence Capital, LLC*, 316 F.3d at 1052.

## II.  ANALYSIS

### a.  Bad Faith, Undue Delay, and Prejudice

The Court finds that there is no bad faith, undue delay, or prejudice because it is still early in the case. The good faith factor weighs in favor of amendment. Mr. Cipriani moved to amend after his counsel discovered new facts. ECF No. 46. Although Mr. Sibella argues bad faith, "the Court must grant all inferences in favor of allowing amendment," therefore, the Court rejects Mr. Sibella's assertion of bad faith and finds that good faith warrants amendment. *See Holland v. Pinnacle Servs. Inc.,* 2023 U.S. Dist. LEXIS 156336, at *13 (D. Nev. July 25, 2023) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)). Although Resorts World argues they incurred expenses and delay, the Court finds no undue delay or prejudice because discovery has been stayed. *See* ECF No. 45 (granting the Motion to Stay (ECF No. 35)); and *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1184 (9th Cir. 2016) ("litigation expenses incurred before a motion to amend is filed do not establish prejudice.")

### b.  Futility

The Court defers the issue of futility because defendants may seek dismissal after the amendment is filed. *See Nev. Power Co. v. Trench Fr.*, 2020 U.S. Dist. LEXIS 53860, at *4 (D. Nev. March 24, 2020) (citing *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003) ("Denial of leave to amend on this ground [futility] is rare. Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed."). "Deferring ruling on the sufficiency of the allegations is preferred in light of the more liberal standards applicable to motions to amend and the fact that the parties' arguments are better developed through a motion to dismiss or motion for summary judgment." *Steward v. CMRE Fin'l Servs., Inc.*, 2015 U.S. Dist. LEXIS 141867, at *2 (D. Nev. Oct. 16, 2015).

### c. Previous Amendments

The Court finds that since there have been no previous amendments, this factor ways in favor of granting the Motion to Amend (ECF No. 46). *Cf., Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962) (looking to a plaintiff's "repeated failure to cure deficiencies by amendments previously allowed."); *see also Johnson*, 356 F.3d at 1077.

ACCORDINGLY,

**IT IS ORDERED that**:

1. The *Motion to Amend* (ECF No. 46) is GRANTED.

2. Plaintiff must file their First Amended Complaint within **one week of this Order**.

DATED this 8th day of April 2024.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge